UNITED STATES of America,
Plaintiff-Appellee,

v.

Ivan Antonio RIVERA and Blanca Cicelia
Castano Gonzalez de Rivera,
Defendants-Appellants.

No. 76–3962.

United States Court of Appeals,
Fifth Circuit.

July 1, 1977.

Theodore J. Sakowitz, Federal Public Defender, Steven E. Kreisberg, Asst. Federal Public Defender, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Barbara D. Schwartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, SIMPSON and TJOF-LAT, Circuit Judges.

PER CURIAM:

The defendants, husband and wife, were convicted by a jury of (1) knowingly and intentionally importing cocaine into the United States in violation of 21 U.S.C. §§ 952(a)(1), 960(a)(1), and 18 U.S.C. § 2, and (2) knowingly and intentionally possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Ivan Rivera was sentenced to two concurrent seven-year prison terms and a three-year special parole term. His wife Blanca received two concurrent one-year sentences and a three-year special parole term.

The defendants were arrested when passing through Miami customs after their arrival from Colombia, South America. A customs inspector noticed that one of the suitcases the Riveras were carrying had a false bottom. Further investigation revealed that 8.7 pounds of cocaine were contained in the suitcase. The Riveras' defense centered around their contention that Ivan had found the suitcase on the Van Wyck Expressway (in New York) on his way home from work prior to the trip to Colombia, and that the Riveras used the

suitcase on their Colombia trip without any knowledge or awareness of its secret contents.

At the close of the government's case, Blanca's attorney—Mr. Hacker—made the following statement to the court: "Judge, I believe that with respect to Blanca Rivera, we at this time are going to announce that we are going to rest and renew our motions." The defense counsel did not make this announcement and request the court to instruct the jury that Blanca Rivera had rested her case. He did not object to the court's not giving the instruction at the start of the defense presentation. Moreover, defense counsel did not request any instruction relating to his having rested Blanca's case, and he specifically voiced his approval of the court's instructions to the jury.

Both defendants took the stand. Their testimony and that of other defense witnesses was favorable to Blanca's case.

There is no merit to the contention that the court committed reversible error in failing to instruct the jury that all evidence presented after the close of the government's case was to be considered with respect to Ivan only. At best, the defense counsel's statement to the trial judge was ambiguous; that ambiguity was dispelled by the subsequent nonaction of the defense counsel making it appear that he had changed his mind "to announce" his intention to rest.

Other contentions of the Riveras merit no discussion. The evidence amply supports their conviction.

The judgment is AFFIRMED.